**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**                                                                        **NO. 3:19-CR-11-2**

**TYRIN PARKER**

**ORDER**

At the completion of the hearing on the petition to revoke Tyrin Parker's pretrial release, this Court orally granted the petition. This order memorializes that ruling.

**II
Procedural History**

On February 28, 2020, Tyrin Parker and thirteen others were named in a seventeen-count indictment charging various crimes related to an alleged drug distribution conspiracy. Doc. #1. Parker is charged in eight of the seventeen counts—specifically, with one count of conspiracy to distribute and to possess with intent to distribute methamphetamine (Count One); four counts of distributing methamphetamine (Counts Two, Five, Seven, and Ten); one count of using the U.S. Postal Service to distribute methamphetamine (Count Eleven), and one count of distributing Xanax (Count Fourteen). Parker was arraigned on April 22, 2019, and released on a $5,000 secured bond with conditions. Docs. #99, #101, #102.

A petition to revoke Parker's pretrial release was filed on March 9, 2020, and a bench warrant issued accordingly. Docs. #182, #183. Parker was arrested pursuant to the petition on May 5, 2020. Doc. #209.

On May 13, 2020, Parker pled guilty to Count Seven of the indictment.[1] Doc. #220. Immediately after his change-of-plea hearing, the Court began a hearing on the revocation petition.

---

[1] Parker is set to be sentenced on August 26, 2020. Docs. #229, #230.

Doc. #222. After a one-week continuance, the hearing concluded on May 20, 2020.[2] Doc. #236.

At the end of the hearing, the Court orally granted the petition. *Id.*

## II
## Analysis

Because at the time of his revocation hearing, Parker had been convicted of the charges in

Count Seven and is now waiting to be sentenced, the issue of his detention is governed by 18

U.S.C. § 3143. *United States v. Lockett*, 549 F. App'x 269, 270 (5th Cir. 2013) (citing 18 U.S.C.

§ 3143(a)(1) regarding a defendant's appeal of an order denying his release pending sentencing);

*see United States v. Wiggins*, No. 19-CR-258, 2020 WL 1868891, at *4 (D.D.C. Apr. 10, 2020)

("Once a defendant is convicted of an offense, a different detention statute, with different

presumptions, applies—namely, 18 U.S.C. § 3143."); *United States v. Sykes*, No. 19-CR-20550,

2020 WL 1685463, at *1 (E.D. Mich. Apr. 7, 2020) ("because Defendant Sykes has pled guilty

…, he is no longer on pretrial detention, but rather detained pending sentencing …. This change

in status is significant because the applicable release and detention statute becomes 18 U.S.C. §

3143 rather than 18 U.S.C. § 3142."). Section 3143(a) provides in relevant part:

> The judicial officer shall order that a person who has been found guilty of an offense
> in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section
> 3142 and is awaiting imposition or execution of sentence be detained unless--
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for
>> acquittal or new trial will be granted; or
>> (ii) an attorney for the Government has recommended that no sentence of
>> imprisonment be imposed on the person; and
>> (B) the judicial officer finds by clear and convincing evidence that the person is
>> not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).[3] By the terms of the statute, a "presumption in favor of detention attaches

---

[2] Two witnesses were called at the hearing—one by the government and one by the defendant. Doc. #223.

[3] Parker was convicted under Count Seven of distributing an unspecified quantity of methamphetamine in violation of 18 U.S.C. § 841(a)(1) and, therefore, is subject to a term of imprisonment of up to twenty years. *See* 18 U.S.C. § 841(1)(C). Accordingly, subsection (a)(2) of § 3143 applies.

… to a convicted defendant." *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).  To rebut the presumption, the defendant must establish by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community."  18 U.S.C. § 3143(a)(2);[4] *see* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

The petition alleged eleven violations against Parker—three instances of failing to submit to pretrial supervision, four instances of violating his location monitoring agreement, two instances of using a controlled substance, one instance of failing to participate in drug treatment, and his failure to maintain employment.  Parker admitted the allegations of drug use and, based on the evidence presented at the hearing, the Court found sufficient evidence to demonstrate the rest.  As the Court concluded at the hearing, Parker failed to meet his burden to rebut by clear and convincing evidence the presumption in favor of his detention pending sentencing as to his likelihood to flee.

**III**
**Conclusion**

The petition [182] is **GRANTED**.

**SO ORDERED**, this 24th day of June, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] To the extent it may be argued that Parker's motion should be evaluated under 18 U.S.C. § 3145(a), the Court's ruling on the petition would be the same since Parker presented no evidence justifying his release pending sentencing.