IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TYRIN PARKER**     **MOVANT**

**V.**     **NO. 3:21-CV-201-DMB**
    **(3:19-CR-11-2)**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## ORDER

Pursuant to his guilty plea, Tyrin Parker was convicted of distributing methamphetamine and sentenced to 124 months imprisonment. Parker now challenges his conviction and sentence under 28 U.S.C. § 2255,[1] alleging he entered a guilty plea based on his counsel's promise that he would be sentenced to no more than 18 months imprisonment. Because Parker has not shown he was prejudiced by any alleged promise as required to establish ineffective assistance of counsel, he is not entitled to relief.

## I
## Procedural History

On February 28, 2019, Tyrin Parker was named in seven counts of a seventeen-count indictment charging him and thirteen others with various crimes related to a conspiracy to distribute methamphetamine. Doc. #1. Following his arrest, the Court appointed Goodloe T. Lewis to represent Parker throughout the proceedings. Docs. #96, #98.

### A. Plea

On March 12, 2020, Parker signed a written plea agreement with the government which provided in relevant part:

---

[1] Although this § 2255 action exists as an independent cause of action, all relevant documents were filed in the related criminal action (No. 3:19-cr-11-2). Unless otherwise specified, all record citations are to the criminal docket.

> The defendant agrees to plead guilty under oath to Count Seven of the Indictment, which charges that the defendant, aided and abetted by others, did knowingly distribute a mixture and substance containing a detectable amount of methamphetamine, its salts and isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, which carry maximum possible penalties of 20 years imprisonment, a $1,000,000 fine, 3 years supervised release and a special assessment of $100.
>
> …
>
> Apart from being advised of the applicability of the U.S. Sentencing Guidelines, … no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. … The defendant is pleading guilty because the defendant is in fact guilty.

Doc. #216.

At his May 13, 2020, change-of-plea hearing, the Court advised Parker of the same maximum penalties under Count Seven and Parker stated he understood the possible maximum penalties. Doc. #303 at 12–13. The Court asked Parker whether he understood that "regardless of the guidelines range, the Court [could] sentence [him] to a term of imprisonment up to the maximum time allowed by law" and Parker responded affirmatively. *Id.* at 21. In providing the factual basis for the charge in Count Seven, the government represented, and Parker agreed, that the evidence would show that Parker sold a substance containing approximately 12.61 grams of methamphetamine to a cooperating individual on June 8, 2017. *Id.* at 13–15. Parker further stated that he understood the terms of the plea agreement. *Id.* at 18. Ultimately, Parker pled guilty to the charges in Count Seven and the Court accepted his guilty plea. *Id.* at 24.

### B. Presentence Report and Sentencing

Parker, through his counsel, filed objections to the Presentence Report ("PSR") on July 30, 2020. Doc. #313. His first two objections were resolved before his sentencing hearing. In his third objection, Parker challenged his base offense level of 38 "based upon his alleged

responsibility for 720 pounds of methamphetamine and 130,000 units of a Schedule IV substance (Xanax)" when the count he pled to attributed only 14 grams of methamphetamine to him, which "gives him an offense level of 16." *Id.* at PageID 779 n.1, 781. Parker also challenged a two-level enhancement based on the presence of firearms and controlled substances in his house when he was arrested. *Id.* at PageID 781. Finally, Parker challenged a two-level enhancement based on his alleged role as "an organizer, leader, manager, or supervisor of the criminal activity in question." *Id.* at PageID 782.

At Parker's February 3, 2021, sentencing hearing, the Court addressed each of his remaining objections. Based upon testimony by a codefendant and the probation officer with respect to the amount of methamphetamine Parker handled, the Court sustained his third objection in part and reduced the base offense level to 36. Doc. #654 at 48. The Court overruled all of Parker's remaining unresolved objections. *Id.* at 49, 51. Based on the adjustments to the PSR, the Court announced the guidelines range as "[i]mprisonment for 235 to 240 months, supervised release after imprisonment for three years, a fine of $40,000 to $1 million, and a special assessment of $100." *Id.* at 53. After the Court stated these guidelines, Parker took "full responsibility of what [he] pled to." *Id.* at 61. The Court sentenced Parker to 124 months imprisonment and three years supervised release. Doc. #569.

### C.  § 2255 Motion

On or about September 3, 2021, Parker filed a pro se "Motion for Relief pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 1331." Doc. #652. Parker argues "he received ineffective assistance of counsel at the plea stage and at sentencing because of his counsel's lies and unkept promises, that [he] would receive a sentence of no more that [sic] 15-18 months" and requests an evidentiary hearing and that the Court "[v]acate his conviction and sentence; and/or resentence his

3

[sic] to a sentence between 15-18 months." *Id.* at 2, 17. The government responded in opposition to the motion. Doc. #657. Parker filed two separate replies. Docs. #661, #665.

## II
## Standard of Review

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

## III
## Analysis

Parker argues he received ineffective assistance of counsel because Lewis showed him "the sentencing guidelines of 15-18 months, and promised [him] if he would enter a guilty-plea he … would receive a sentence of no more than 15-18 months." Doc. #652 at 2.

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the test from *Strickland v. Washington*,[2] by "demonstrat[ing] that (1) counsel's representation fell below an objective standard of reasonableness and that (2) there is a reasonable probability that prejudice resulted." *United States v. Allen*, 918 F.3d 457, 460–61 (5th Cir. 2019).

### A. Lewis' Representation

The government does not dispute that "[a] promise that a specific sentence would be imposed would be ineffective assistance of counsel and likely unethical." Doc. #657 at PageID

---

[2] 466 U.S. 668 (1984).

2851. Instead, the government argues Lewis never made such a promise and Parker cannot establish ineffective assistance because he knew the possible consequences and still chose to enter a guilty plea. *Id.* at PageID 2851–52. The government submits Lewis' affidavit in which he states that he never promised Parker he would receive a certain sentence; he advised Parker "the guideline range for [Count Seven] was 15-21 months" but "relevant conduct could substantially increase his offense level if the Court accepted it;" Parker "elected to go forward with a change of plea knowing that relevant conduct could have a significant negative impact on his sentencing;" and "[t]here was never any question that Mr. Parker was going to trial in this case[ because h]e advised [Lewis] early on that he did not want a trial." Doc. #657-1. In reply, Parker attacks the validity of Lewis' affidavit and represents that his mother and brother would testify at an evidentiary hearing regarding Lewis' promise. Doc. #661 at 7; Doc. #665 at 2–3. The Court need not resolve these factual inconsistencies because, as explained below, even taking Parker's allegations regarding Lewis' conduct as true, Parker cannot establish prejudice under *Strickland*'s second prong. *See Coleman v. Vannoy*, 963 F.3d 429, 433 & n.1 (5th Cir. 2020) (assuming without deciding that attorney's performance was unreasonable because when "the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance").

### B. Prejudice

"In the context of a guilty plea, a movant shows prejudice by establishing that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017). "[C]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *United States v. Valdez*, 973 F.3d

5

396, 403 (5th Cir. 2020). "A defendant's solemn declarations in open court concerning the knowing and voluntary nature of the plea carry a strong presumption of verity." *United States v. Brooks*, 804 F. App'x 219, 223 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009)).

Parker "insists he would have gambled on trial, risking more jail time for whatever small chance there might be of an acquittal, or a sentence of 15-18 months," and relies on *Lee v. United States*, 137 S. Ct. 1958 (2017), to support his argument that he was prejudiced by Lewis' actions. Doc. #652 at 8–16. In *Lee*, the defendant accepted a plea agreement based on his counsel's incorrect representation that he would not be deported as a result of his guilty plea. *Lee*, 137 S. Ct. at 1963. There was no dispute regarding whether the attorney's conduct was unreasonable and the question was whether Lee could show he was prejudiced as a result. *Id.* at 1962. Based on Lee's plea colloquy[3] and testimony in the record, the court concluded "deportation was the determinative issue in Lee's decision whether to accept the plea deal." *Id.* at 1967–68. Thus, "Lee … demonstrated a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty." *Id.* at 1969 (alterations omitted).

Here, however, Parker's testimony at his change-of-plea hearing that he understood the maximum penalties under Count Seven and the ability of the Court to sentence him up to those maximums directly contradicts his assertion that he would not have pled guilty but for Lewis' alleged promise. When faced with similar situations where a defendant's assertion is contradicted by the record, the Fifth Circuit has repeatedly held § 2255 relief is unwarranted. *See, e.g., Valdez*,

---

[3] At Lee's plea colloquy, when warned by the judge that a conviction could result in his deportation and asked whether that affected his decision about whether or not to plead guilty, Lee answered "Yes, Your Honor." *Lee*, 137 S. Ct. at 1968.

973 F.3d at 405–06 (defendant could not establish prejudice under *Strickland* based on counsel's inaccurate estimate of guidelines sentence where he "was clearly advised … of the maximum sentence he could receive"); *United States v. McClinton*, 782 F. App'x 312, 315 (5th Cir. 2019) (defendant's statements at plea hearing "contradict[ed] his claim that he would not have taken the plea deal but for his attorney's advice"); *United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (movant was not entitled to relief because he did not establish prejudice prong under *Strickland* since he testified under oath that he understood the ramifications of his plea, failed to object to the guidelines range in the PSR, and, after being informed of the range he was facing, still admitted guilt and apologized). Because Parker's statements at his change-of-plea hearing are "contemporaneous evidence" that "negate[] his post hoc assertions," he has failed to establish prejudice and is not entitled to § 2255 relief.[4] *McClinton*, 782 F. App'x at 315 (internal quotation marks omitted).

### C. Additional Requests

Parker requests an evidentiary hearing on his motion and appointment of counsel for such hearing. Doc. #661 at 7.

"[T]here is no constitutional entitlement to appointed counsel in postconviction relief proceedings …." *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). However, "Rule 8(c) of the Rules Governing § 2255 Proceedings require[a] district court to appoint … counsel for [a § 2255] evidentiary hearing" if the movant is unable to afford retained counsel. *United States*

---

[4] Parker contends Lewis explained that the Court would advise him he "could receive up to 20 years" but Lewis "told [him] to go along with what the court said, and promised he would receive a sentence of no more than 18 months." Doc. #665 at 1. But to overcome the "strong presumption of verity" awarded to statements under oath at a change-of-plea hearing, Parker "must demonstrate independent evidence to support his claim that his guilty plea was coerced" and "[t]he mere contradiction of his statements at the guilty plea hearing does not satisfy this burden." *Mayon v. Cain*, No. 15-1913, 2017 WL 1338269, at *2 (E.D. La. Apr. 12, 2017) (cleaned up) (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986)). He fails to do so here.

*v. Griffin*, 771 F. App'x 532, 532 (5th Cir. 2019). "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *Allen*, 918 F.3d at 460.

As discussed above, Parker is not entitled to § 2255 relief so an evidentiary hearing is not required. *See McClinton*, 782 F. App'x at 315 (affirming district court's denial of an evidentiary hearing where petitioner did not show prejudice under *Strickland*). And because a hearing is not required, Parker is not entitled to appointed counsel.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a case rejected on its merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the *Slack* criteria, the Court finds a COA should not issue in this case.

## V
## Conclusion

Parker's § 2255 motion [652] is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED**, this 7th day of April, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**